UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-217-CVE |
| | ) | |
| JESSY PEARSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Revocation of Magistrate [Judge] Little's Release Order of April 15, 2022 (Dkt. # 42). On April 6, 2022, defendant pled guilty before a magistrate judge to the crime of assault of an intimate or dating partner by means of strangulation in violation of 18 U.S.C. § 113(a)(8). Defendant had been on pretrial release prior to his guilty plea, and plaintiff asked that defendant be detained following his guilty plea. Dkt. # 30, at 1. The magistrate judge determined that § 113(a)(8) is not a crime of violence as this term is defined in 18 U.S.C. §3156(a)(4), and defendant's conviction did not trigger the mandatory detention provision of 18 U.S.C. § 3143(a)(2). Plaintiff acknowledged that defendant had not violated any conditions of pretrial release, and plaintiff did not argue that defendant was a flight risk or a danger to the community. The magistrate judge ordered that defendant be released pending sentencing, and plaintiff asks the Court to find that the charged offense is a crime of violence and revoke the release order. Dkt. # 42.

**I.**

On May 17, 2021, a grand jury returned an indictment charging defendant with aggravated sexual abuse by force or threat in Indian country (count one) and assault of an intimate or dating partner by means of strangulation (count two). Dkt. # 2. Defendant was arrested and plaintiff filed a motion to detain defendant pending trial. The magistrate judge denied plaintiff's motion for detention and ordered that defendant be released subject to conditions pending trial. Dkt. # 15. Defendant pled guilty to count two of the indictment pursuant to a plea agreement, and the parties disputed whether defendant should be permitted to remain released pending the sentencing hearing. Plaintiff took the position that the offense of conviction was a crime of violence under the Bail Reform Act, and plaintiff asked the Court to detain defendant pending sentencing. Defense counsel argued that defendant had not violated any conditions of pretrial release and he should be permitted to remain released. Plaintiff agreed that defendant had not violated any condition of pretrial release, but plaintiff believed that detention was mandatory under the Bail Reform Act.

Defendant filed a motion requesting that he remain released subject to conditions pending his sentencing hearing. Dkt. ## 36, 37. On April 15, 2022, the magistrate judge held a hearing on defendant's motion. Plaintiff was not arguing that defendant was a flight risk or a danger to the community, and the sole basis for requesting detention was the mandatory detention provision of § 3143(a)(2). The magistrate judge concluded that the offense of assault of an intimate or dating partner by means of strangulation or suffocation did not qualify as a crime of violence in light of the Supreme Court's decision in <u>Borden v. United States</u>, 141 S. Ct. 1817 (2021). Therefore, defendant was not subject to mandatory detention pending sentencing, and the magistrate judge ordered that defendant be released.

**II.**

Plaintiff challenges the magistrate judge's ruling that the offense of conviction is not a crime of violence under the Bail Reform Act, and plaintiff asks the Court to detain defendant pending the sentencing hearing. Under 18 U.S.C. § 3145(a)(1), an attorney for the government may file "with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention or release order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). In this case, the parties present a purely legal question as to whether the crime of conviction is a crime of violence and another evidentiary hearing is unnecessary.

Under 18 U.S.C. § 3143, a person who has been found guilty and is awaiting sentencing shall be detained unless a judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. However, the judicial officer must detain the defendant pending sentencing if the defendant pled guilty to offense listed in subsections (A), (B), or (C) of 18 U.S.C. § 3142(f)(1). The listed offenses or categories of offenses are:

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(f)(1).  The term "crime of violence" is defined as:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under Chapter 77, 109A, 110, or 117 . . . .

18 U.S.C. § 3156(a)(4).

Defendant pled guilty to a violation of § 113(8), which makes it a crime to "[a]ssault . . . a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate."  The statute defines "strangling" as "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim."  18 U.S.C. § 113(b)(4).  Courts apply a categorical approach to determine if the offense of conviction qualifies as a crime of violence under the Bail Reform Act. United States v. Watkins, 940 F.3d 152, 163 (2d Cir. 2019); United States v. Rogers, 371 F.3d 1225, 1228 n.5 (10th Cir. 2004); United States v. Singleton, 182 F.3d 7, 10-12 (D.C. Cir. 1999).  Under the categorical approach, courts consider "only the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction."  United States v. Serafin, 562 F.3d 1105, 1108 (10th Cir. 2009).  The Court must "consider whether the elements of the offense are of the type that would justify its inclusion . . . [as

a crime of violence], without inquiring into the specific conduct of this particular offender." Id. In this case, the elements of the offense of conviction are as follows: the defendant (1) strangled, suffocated, or attempted to strangle or suffocate; (2) an intimate or dating partner; and (3) the defendant did so intentionally, knowingly, or recklessly.

In Borden v. United States, 141 S. Ct. 1817 (2021), the Supreme Court considered whether a prior conviction qualified as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 922(e) (ACCA), if it could be committed with the mens rea of recklessness. The definition of "violent felony" under the ACCA is substantially the same as the definition of crime of violence in the Bail Reform Act, and the ACCA provides that an offense qualifies as a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). This clause is known as the "elements clause." The Court explained that reckless conduct involves a conscious disregard of a substantial and unjustifiable risk of harm, and conduct can be reckless even if there not a likelihood of harm to others. Borden, 141 S. Ct. at 1824. The plurality opinion found that the phrase "against the person or property of another" required at least intentional or knowing conduct, and conduct that was merely reckless or negligent did not fall with the elements clause of the ACCA. Id. at 1827-28. Justice Thomas filed a concurring opinion in which he agreed with the plurality opinion that the charged crime did not qualify as a violent felony under the elements clause, but he disagreed with prior opinions in which the residual clause of § 924(e)(2)(B)(ii) was found to be unconstitutionally vague. Id. at 1834-36.

Defendant pled guilty to committing an assault of an intimate or dating partner by means of strangulation or suffocation in violation of § 113(a)(8), and the strangulation or suffocation falls within the scope of the statute if it is committed "intentionally, knowingly, or recklessly." 18 U.S.C.

§ 113(b)(4). The Tenth Circuit has issued published decisions followed the plurality opinion in Borden, and crimes that can be committed recklessly are not crimes of violence under the elements clause of the ACCA, 18 U.S.C. § 924(c), or the United States Sentencing Guidelines. United States v. Toki, 23 F.4th 1277, 1281 (10th Cir. 2022); United States v. Ash, 7 F.4th 962 (10th Cir. 2021). Plaintiff does not argue that the offense of conviction could qualify as a crime of violence under the elements clause of § 3156(a)(4)(A), and the Court finds that a violation of § 113(a)(8) is not a crime of violence under the elements clause. Plaintiff argues that this offense necessarily involves the use of physical force against another person and, even if the offense does not fall under the elements clause, the offense could still qualify as a crime of violence under the residual clause. The residual clause of the definition of "crime of violence" states that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" qualifies as a crime of violence. 18 U.S.C. § 3156(a)(4)(B). Similar language in other federal statutes has been declared unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019); (residual clause of § 924(c)); Sessions v. Dimaya, 138 S.Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16 impermissibly vague); Johnson v. United States, 576 U.S. 591 (2015) (residual clause of the ACCA found unconstitutionally vague). Plaintiff takes the position that the residual clause of the Bail Reform Act is not subject to the due process analysis that resulted in the invalidation of the residual clauses of other statutes, and plaintiff argues that the residual clause of the Bail Reform Act remains in effect. Dkt. # 42, at 6-8.

The Court does not need to resolve whether the residual clause of the Bail Reform Act remains in effect, because the crime to which defendant pled guilty would not qualify as a crime of

violence under Tenth Circuit precedent applying the residual clause. The Tenth Circuit determined that the residual clause of the USSG "only reaches purposeful or intentional behavior," and a crime that could be committed with a mens rea of recklessness was not a crime of violence under the residual clause. United States v. Armijo, 651 F.3d 1226, 1236 (10th Cir. 2011); see also United States v. Scoville, 561 F.3d 1174, 1180 (10th Cir. 2009) ("the residual clause is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts"). Interpreting the residual clause of the ACCA, the Tenth Circuit considered the following two factors to determine whether an offense qualified as a crime of violence under the residual clause: (1) "whether the offense presents a serious risk of physical injury to another;" and (2) "whether 'the offense is roughly similar, in kind as well as degree posed, to the enumerated crimes,' i.e., whether it was purposeful, violent, and aggressive." United States v. Sandoval, 696 F.3d 1011, 1015-16 (10th Cir. 2012). However, these factors applied only if the offense required intentional or purposeful conduct by the defendant, and crimes that could be committed negligently or recklessly were generally not crimes of violence under the residual clause. Id. at 1016. In United States v. Rogers, 371 F.3d 1225 (10th Cir. 2004), the Tenth Circuit considered whether the illegal possession of a firearm in violation of 18 U.S.C. § 922(g) was a crime of violence under the residual clause of the Bail Reform Act, and the Tenth Circuit concluded that the offense was a crime of violence due to the increased risk that the offender would intentionally perpetrate an act of violence during commission of the offense. Id. at 1231-32. However, conduct that was merely negligent or reckless in nature would not rise to the level of a crime of violence without the increased risk of intentional or purposeful violent conduct. Id. at 1232 n.5.

A violation of § 113(a)(8) can be committed intentionally, purposefully, or recklessly and, although the offense is arguably violent in nature, the entire offense may committed without the intent or knowledge to commit a violent act. Congress chose to encompass a broad swath of conduct within the scope of § 113(a)(8), and by doing so this increased the likelihood that the crime would not fall within the definition of "crime of violence" under federal law. In this case, the offense of conviction can be committed without any purposeful intent to commit a violent act or increase the risk of violence, and there is a clear choice by Congress to include unintentional conduct within the scope of § 113(a)(8). This broadens the reach of § 113(a)(8) and protects victims of abuse in cases where the offender did not or could not engage in intentional conduct, but the broad scope of the statute also removes it from the Bail Reform Act's definition of "crime of violence." The magistrate correctly determined that defendant's conviction does not qualify as a crime of violence under the Bail Reform Act, and the mandatory detention provision of § 3143(a)(2) does not apply. Plaintiff has not attempted to make a showing that defendant presents a flight risk or a risk of danger to the community or any other person. Therefore, plaintiff's motion to revoke the magistrate judge's order releasing defendant pending sentencing should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Revocation of Magistrate [Judge] Little's Release Order of April 15, 2022 (Dkt. # 42) is **denied**.

**DATED** this 3rd day of June, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE